DAVID GEDDES v. TOWNSHIP OF THOMASTOWN.

*Removal of school director by township board.*

Proceedings by a township board to remove a school director cannot properly be taken until the action of the proper authorities has been invoked by complaint of some definite violation of duty, (Comp. Laws, § 3695); but where the plaintiff admits the charges set up against him and expressly desires the board to act on them without farther delay, he cannot afterwards complain that they did so.

The action of a town board in removing a school director is final unless speedily brought up for review.

The wilful refusal of a school director to sign a contract made with a teacher, or to accept and file it, or draw orders for the teacher's pay while it is pending, and his obstinate neglect to furnish necessary school-house supplies, may be taken into account in proceedings for his removal.

Certiorari. Submitted June 15. Decided June 22.

*L. T. Durand* for plaintiff in certiorari. Proceedings to remove a municipal officer must be based on specific charges stated with substantial certainty: Dill. Munic. Corp. § 193; 2 Potter Corp. 739; Ang. & Ames Corp. § 420; *State v. Bryce* 7 Ohio 436·; *Gill v. Com. Council* 9 Wis. 254; *State v. Trustees* 5 Ind. 90; *Murdock v. Phillips Academy* 12 Pick. 244; *Tompert v. Lithgow* 1 Bush 176; *People v. Board of Police* 39 N. Y. 506; *Com. v. Penn. Ben. Inst.* 2 S. & R. 141; *Exp. Hennen* 13 Pet. 230; *Com. v. Arnold* 3 Litt. 309; *Jackson v. People* 9 Mich. 111; *Mullins v. People* 24 N. Y. 399; *Chandler v. Nash* 5 Mich. 409; *People v. Highway Com'rs* 14 Mich. 528; *Rex v. Levershaw* 8 Texas 356; *Harman v. Tappenden* 1 East 562; a school director may decline to sign an order for the payment of a claim which he does not consider valid: *Stockwell v. White Lake* 22 Mich. 348.

*Hanchett & Stark* for defendant in error. The Supreme Court on certiorari to bring up proceedings for removing a school director, will not review the decision of the township board as to whether he has neglected to perform his duty: *Hyde v. Nelson* 11 Mich. 357; *Linn v. Roberts* 15 Mich. 447; *Brown v. Blanchard* 39 Mich. 790; *Hamtramck v. Holihan* ante, p. 127.

CAMPBELL. J. This is a *certiorari* to review proceedings to remove plaintiff from his office as school director of school district Number 3.

The case made by the affidavit, if admitted, would have shown very arbitrary and irregular action, lacking nearly all the elements necessary to valid measures. But the return, while it shows much irregularity, also shows a waiver of the

preliminary objections, and leaves much less to be considered.

The statute, which we have had before us in the case of *Town Board of Hamtramck v. Holihan* ante p. 127, undoubtedly contemplates that no steps shall be taken until the action of the proper authorities has been invoked by complaint of some definite violation of duty. But in the case before us the return, which must govern us in our action, shows that plaintiff admitted the various charges set up against him at the meeting of the town board, and expressly desired the board to act upon them without further delay. Under these circumstances, he cannot now complain that they took a serious view of charges, which would be made serious or otherwise by proof of all the attendant facts, which he did not require to be given.

The successive changes in this statutory regulation for the removal of school officers show a desire on the part of the Legislature to enlarge the powers of the town board, and to make their action final, unless brought up for review within a very short period. See Comp. L. 1857, § 2377; Comp. L. 1871, § 3695; Sess. L. 1872, p. 88. We are bound, therefore, to assume that they regard the harmony of the district as of great importance, and do not favor any objections to removals from office that are not substantial and mischievous. The action of local boards may no doubt be unfair, and had for purposes of intrigue or oppression. But such is not the legislative presumption.

The charges in the present case, seem, from their peculiar connection, to indicate that plaintiff was obstinately indisposed to make things pleasant for the teacher of the district and the school in his charge. He is charged with refusing to sign the contract, refusing to accept and file it, refusing to draw orders for the teacher's pay during the currency of the contract and failure to supply some necessary school house supplies.

The last and what he claims to be the only charge of illegal conduct is not, standing alone, very important, but might be made so by the motive which induced it. If done

because of an obstinate desire to avoid making the school work go on pleasantly, it would indicate a state of things which would clearly tend to destroy plaintiff's official usefulness. It is therefore properly enough considered with the other charges.

It is claimed, however, that there is no rule of law requiring plaintiff to do any of those things. He certainly is not bound to sign the contract. He is, however, bound to file it, and its filing is important for the district, as furnishing necessary evidence. He also claims that the teacher's contract only required payment at the end of the term, the language being "on or before" March 6, 1881.

This may be so, as a matter of strict interpretation, should the teacher be compelled to sue for his pay. But the compensation is rated in the contract by the month. It appears that it was understood between the teacher and a majority of the board that it should be paid monthly, and such is a common and convenient usage. If the plaintiff saw fit to refuse payment according to this understanding and against the views of the school board, we are not prepared to say it might not be regarded, if wilful and proceeding from some motive beyond a desire to do his duty, as an abuse deserving censure. Nothing is more likely to injure schools than meanness and unfairness in dealing with teachers.

There were some distinct violations of duty, and there were other acts, which, whether unlawful or not, had a tendency to show a bad motive in the rest. We have no means of judging whether the plaintiff is wronged or is in fault. He chose to submit the matter without proof, and we cannot say the conclusion of the board was unfounded.

The writ must be quashed with costs.

The other Justices concurred.